IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DOMINICK RODRIGUEZ, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>*Plaintiff*,<br>v.<br>TITAN CASING LLC.<br><br>*Defendant*. | Civil Action No. 1:16-cv-290<br><br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

## I. PRELIMINARY STATEMENT

1. Dominick Rodriguez brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 Class Members to recover overtime compensation from his former employer Titan Casing LLC ("Defendant").

2. Defendant is an oil field service company that has provided casing services in oilfields throughout the United States over the last three years. Defendant employs non-exempt casing operators, relief casing operators, clean and drift operators, floor hands, casing hands, clean and drift hands, casers and other manual laborers ("Casing Employees") to help perform its casing services, but fails to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Defendant paid Plaintiff Pipe-Laid Pay (defined below) but failed to track or pay its Casing Employees for all hours worked, including those performed in excess of forty (overtime hours) at lawful overtime rates.

3. Plaintiff files this collective and class action lawsuit pursuant to the FLSA; North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01 et seq.) (collectively "North Dakota Wage Law" or "State Wage Law").

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page - 1

## II. PARTIES

4. Plaintiff Dominick Rodriguez worked as a Casing Employee for Defendant out of its Belfield, North Dakota location during the three years prior to the filing of this complaint, from approximately January 2015 through September 2015, and hereby consents to be a Plaintiff in this action ("Plaintiff").

5. Plaintiff brings this action individually and on behalf of those similarly situated ("FLSA Class Members") pursuant to the FLSA. The FLSA Class Members are Defendant's current and former Casing Employees who received pay based on unit or footage of pipe laid ("Pipe-Laid Pay") that have worked for Defendant in the United States within three years of this filing.

6. Plaintiff also brings this action as a Rule 23 Class action on behalf of all Casing Employees who worked in or out of North Dakota who received Pipe-Laid Pay that have worked for Defendant in the two years prior to the filing of this Complaint ("Rule 23 Class Members"). At all relevant times, Plaintiff and the Rule 23 Class Members were Defendant's "employees" within the meaning of North Dakota Wage Law.

7. Defendant Titan Casing LLC is a corporation with its principal place of business in North Dakota. Defendant may be served through its registered agent, Gordon Allison, at 3429 Cottonwood Ave., Unit 1, Cody, Wyoming 82414 or wherever he may be found.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

9. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over

$5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

10. Venue is proper in the District Court of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District and one or more of the Parties is a resident of this District.

### IV. COVERAGE FACTS

11. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and North Dakota Wage Law.

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. Defendant operates or has operated in interstate commerce, by among other things, dispatching labor and equipment throughout the United States, including in North Dakota and Wyoming.

### V. FACTUAL ALLEGATIONS

15. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

16. Plaintiff and the FLSA Class Members routinely worked in excess of 40 hours per workweek during weeks covered by this lawsuit, but were not paid in compliance with the Fair Labor Standards Act. Defendant failed to track or pay Plaintiff or the FLSA Class Members for

all hours worked during their employment and instead limited their compensation to Pipe-Laid Pay.

17. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed oilfield casing service work. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions: The pay scheme that failed to pay a regular rate for all hours worked and failed to pay one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

18. Defendant knew of the FLSA's minimum wage and overtime requirements, but chose not to pay Plaintiff or the FLSA Class Members in compliance with the law. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper overtime compensation or hourly wages at or in excess of the federal minimum wage.

## VI.   CLASS ACTION ALLEGATIONS

19. Plaintiff incorporates all of the allegations previously made in this Complaint.

20. Plaintiff brings his class action on behalf of the Rule 23 Class Members.

21. The Rule 23 Class Members are so numerous that their joinder is impracticable. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant violated applicable State Wage Law by failing to pay the Rule 23 Class Members compensation for all hours worked, including those worked in excess of forty in an individual workweek, and at hourly rates at or in excess of the lawful minimum wage;

   b. Whether Defendant violated applicable State Wage Law by failing to incorporate Pipe-Laid Pay or other non-discretionary bonus pay to calculate overtime calculations for the Rule 23 Class Members;

c. The proper measure of damages sustained by Rule 23 Class Members;

d. Whether Defendant should be enjoined for such violations in the future.

22. Plaintiff's claims are typical of those of the Rule 23 Class Members. Plaintiff and the Rule 23 Class Members (1) were responsible for performing oilfield casing services; (2) worked over 40 hours in at least one workweek in North Dakota over the last two years; (3) were not paid a regular rate for all hours worked, guaranteed lawful minimum wages or overtime for all overtime hours worked; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

23. Plaintiff will fairly and adequately protect the Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

24. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

25. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26.   During the relevant time period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay and at hourly rates in excess of the lawful minimum wage for all hours worked. Defendant has acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   COUNT 2: VIOLATION OF NORTH DAKOTA WAGE LAW

27.   Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.D. Admin. Code § 46-03-01-01. During the relevant time period, Defendant violated and continues to violate North Dakota Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked, pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay, and guarantee payment of the lawful minimum wage for all hour worked.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages.  Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under North Dakota Law.

## IX.   RELIEF SOUGHT

28. WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, pray for relief against Defendant as follows in regards to their FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

29. WHEREFORE, Plaintiff individually and on behalf of the applicable Rule 23 Class Members, prays for relief against Defendant as follows in regards to his class action complaint:

   a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under applicable State Wage Law, and for designation of Plaintiff's counsel as class counsel;

   b. For Judgment that Defendant violated relevant State Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

   c. For an Order awarding Plaintiff and the applicable Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable State Wage Law;

   d. For all costs incurred prosecuting this claim, as allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jack Siegel*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**